PEOPLE v SPALLA

Docket No. 82044. Submitted June 17, 1985, at Lansing.—Decided
    August 1, 1985. Leave to appeal denied, 424 Mich 863.
Frederick Spalla was convicted of first-degree murder. His convic-
    tion was reversed by the Supreme Court and, at a second trial,
    he was again convicted by a jury of first-degree murder and
    sentenced to life imprisonment by the Oakland Circuit Court,
    Robert L. Templin, J. He again appealed, and the Supreme
    Court reversed and remanded to the circuit court for entry of a
    conviction of second-degree murder and for resentencing. 419
    Mich 863 (1984). The circuit court again imposed a sentence of
    life imprisonment. Defendant appealed. Held:
    1. The sentencing judge, in stating his reasons for imposing a
    life sentence, referred to the two previous convictions of first-
    degree murder and made no reference to the fact that the
    conviction had been changed to one of second-degree murder.
    Thus, the court appeared to have sentenced defendant for a
    crime of which he was not convicted.
    2. The sentencing judge failed to respond to defense objec-
    tions to alleged inaccuracies in the presentence report. Such
    failure to respond was error.
    3. The sentencing judge entered his reasons for departing
    from the sentencing guidelines on the Sentencing Information
    Report but did not place those reasons on the record. Both are
    required in order to comply with the guidelines.
    Remanded for resentencing.
    J. P. O'BRIEN, J., dissented. He would hold that the sentenc-
    ing court did not consider any inaccurate information, in
    regard to either the first-degree murder convictions or to the
    contents of the presentence report. He would further hold that

REFERENCES
Am Jur 2d, Criminal Law §§ 525, 528, 599, 604-631.
Due process requirement of presentence procedure following convic-
    tion. 3 L Ed 2d 1808.
Defendant's right to disclosure of presentence report. 40 ALR3d
    681.
See also the annotations in the ALR3d/4th Quick Index under
    Sentence and Punishment.

the completion and filing of the sentencing information report, explaining the departure from the sentencing guidelines, was sufficient to meet the requirement of placing the reasons for departure on the record. He would affirm.

OPINION OF THE COURT

1. CRIMINAL LAW — SENTENCING — REASONS FOR SENTENCE.

A trial judge, when imposing a sentence on a defendant, is required to state on the record his or her reasons for imposing the sentence.

2. CRIMINAL LAW — SENTENCING — OTHER CRIMINAL CONDUCT.

It is error for a trial court to sentence a defendant for an offense on the assumption that he is also guilty of another crime, especially where the defendant has been found not guilty of the other crime.

3. CRIMINAL LAW — SENTENCING — PRESENTENCE REPORT.

It is error for a trial court, when imposing a sentence, to relinquish its discretion by failing to respond in any way to the defendant's contention that the presentence report contains inaccurate or improper information.

4. CRIMINAL LAW — SENTENCING — DEPARTURE FROM SENTENCING GUIDELINES.

A sentencing court, when departing from the sentencing guidelines recommendations, must place its reasons for the departure both on the record and on the sentencing information report.

DISSENT BY J. P. O'BRIEN, J.

5. CRIMINAL LAW — SENTENCING — OTHER CRIMINAL CONDUCT.

*A trial court, in sentencing a defendant, may consider alleged criminal conduct of the defendant not resulting in convictions so long as the information is accurate.*

6. CRIMINAL LAW — SENTENCING — DEPARTURE FROM SENTENCING GUIDELINES.

*The requirement that a sentencing court state its reasons for departing from a sentence recommendation based on the sentencing guidelines is satisfied where the court records its reasons for departure on the sentencing information report and files the report, making it a part of the record.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,*

Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Margaret C. Horenstein,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Stuart B. Lev),* for defendant on appeal.

Before: ALLEN, P.J., and WAHLS and J. P. O'BRIEN,* JJ.

PER CURIAM. This case, now nine years old, comes to us for the third time. In March, 1976, defendant was convicted by jury of first-degree murder. In June, 1978, this Court affirmed the conviction, with Judge M. J. KELLY dissenting on the ground that the trial court erred reversibly in allowing the prosecution to impeach the credibility of its own witness by use of a rebuttal witness. *People v Spalla,* 83 Mich App 661; 269 NW2d 259 (1978). In March, 1978, the Supreme Court reversed and remanded for a retrial for the reasons stated in the dissent. *People v Spalla,* 408 Mich 876; 290 NW2d 729 (1980).

Defendant was retried in July, 1981, and again was convicted of first-degree murder. On March 3, 1983, in an unpublished opinion, this Court affirmed the conviction and sentence. Docket No. 60683. On April 27, 1984, the Supreme Court, with Justice BOYLE dissenting, reversed and remanded to the circuit court for entry of conviction of second-degree murder on grounds of insufficient evidence of premeditation for conviction of first-degree murder. *People v Spalla,* 419 Mich 863; 346 NW2d 841 (1984).

Sentencing took place October 2, 1984, before the same judge who had sentenced defendant twice

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

before. The prosecutor's comments to the court
encouraged the court to consider the two jury
verdicts of first-degree murder. Defense counsel
objected, arguing that it would be improper to
consider the jury verdicts since the conviction had
been changed by the Supreme Court. Defendant
spoke in his own behalf, asserting his innocence
but expressing regret for the death of his friend.
The trial court then made the following comments
before again imposing a sentence of life imprison-
ment:

*"The Court:* Well, the Court wants to say for the
record it has received a veritable avalance *[sic]* of
letters from people you work with in Jackson and
friends, peers, other people all who say that you're
doing a good job up there, you're helping other people.
You've straightened your life out, you've been a good
prisoner.

"But unfortunately you have to deal with the original
charge. The Court sat here, we had two different juries,
24 different individuals who found you guilty of murder
in the first degree. And this Court in spite of all the
good works you've done up in Jackson while you've
been there incarcerated, it's not unique, with other
prisoners doing the same thing. The Court must con-
sider the original charge, the original disposition by the
jury, the horrendous nature of the crime, a truly horri-
ble crime. Also the fact that there's been no remorse
shown to the particular crime. This Court does not
believe the jury verdict was in error. Accordingly, I am
going to sentence you again to life in the State Prison
of Southern Michigan."

Defendant appeals as of right. We find merit in
defendant's claim and remand for resentencing.

This Court was given the authority to review
sentences in *People v Coles,* 417 Mich 523; 339
NW2d 440 (1983). *Coles* also stated that a trial
judge is required to state his or her reasons for

imposing sentence on the record. While the judge complied with this requirement, the reasons articulated were not altogether proper. By referring to "the original charge" and never once mentioning that defendant's conviction had been changed to second-degree murder by the Supreme Court, the trial court appeared to be sentencing defendant for an offense of which he was not convicted. It is error to sentence a defendant on the assumption that he is guilty of another crime, especially where the defendant has been found not guilty. *People v Carter,* 128 Mich App 541, 551; 341 NW2d 128 (1983). We also question the trial court's reference to lack of remorse. Webster's Third New International Dictionary defines remorse as "a gnawing distress arising from a sense of guilt for past wrongs (as injuries done to others)". It is impossible to have remorse if one does not have sense of guilt. Defendant has steadfastly maintained his innocence throughout the nine-year period of these proceedings. One can have compassion, sorrow, or regret for the death of a friend and this defendant did articulate that he had such feelings.[1]

The trial court also did not respond to defense objections to inaccuracies in the presentence report. Because this was defendant's third sentencing for the same crime, there was three presentence reports. While defendant admitted that the third report was accurate, it was a short, abbreviated form of the standard presentence report and served as a supplement to and not a replacement for the previous two reports containing the alleged inaccuracies. Our perusal of the sentencing tran-

---

[1] "I would like to take this opportunity to express to the Court that there is no one either in or outside this courtroom today save the immediate family of the deceased, Ron Furby, who can maintain that they have felt Ron's loss more than I have. He was a valued, trusted and loyal friend and I will always cherish the friendship we shared that extended for a period of 20 years."

script fails to reveal whether the sentencing judge considered the inaccuracies. This Court has previously found error where the trial judge relinquished his discretion by failing to respond in any way to a defendant's contention that the presentence report contained inaccurate or improper information. *People v McIntosh,* 62 Mich App 422; 234 NW2d 157 (1975).

Defendant's final contention of error concerns the use of the recently mandated minimum sentencing guidelines. Administrative Order No. 1984-1, 418 Mich lxxx. Strict compliance with the guideline factors for second-degree murder would result in a minimum sentence of from 7 to 16 years in prison. This is after taking into account defendant's prior record of three misdemeanor convictions and several variables related to the crime itself. However, departures from literal compliance with the guidelines are expected. When departures are made, section 27 of the Sentencing Guidelines Manual states that departure reasons *must* be placed on the record *and* on the Sentencing Information Report (SIR). Although one recent panel of this Court, in *People v Good,* 141 Mich App 351; 367 NW2d 863 (1985), held that placing the reasons for departure on the SIR (as was done in this case) has the effect of placing them on the record, we disagree. We choose to follow the reasoning of the panel in *People v Fleming,* 142 Mich App 119; 369 NW2d 499 (1985), which held that the departure reasons must be placed on the record in addition to the SIR, which has only the effect of placing them *in* the record.

Defendant is thus entitled to resentencing. Because the trial judge has twice before sentenced this defendant, we feel it would be fairer to both the defendant and the trial judge if resentencing were before a different judge. We decline, however,

to assign the matter to a different circuit. We also decline to order, or even to infer, that the sentence not exceed the minimum found in the guidelines. There well may be legitimate reasons for departing from the guidelines. However, those reasons should be carefully spelled out by the sentencing judge.

Remanded for resentencing.

J. P. O'Brien, J. *(dissenting).* I find no merit in defendant's claims and would affirm.

There is no question that this Court has the authority to review sentences pursuant to *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983), and that under *Coles* the sentencing judge must state on the record his reasons for the sentence imposed. The sentencing judge fulfilled this requirement in this case and in doing so stated that he considered the evidence he had heard during defendant's two previous trials. A sentencing judge may consider alleged criminal conduct not resulting in convictions, so long as the information is accurate. *People v Moore,* 70 Mich App 210; 245 NW2d 569 (1976). In this case the trial judge did not consider any inaccurate information.

Second, there is no showing on the record that the trial judge considered any inaccurate information in the presentence report.

Finally, the trial judge filled out the reasons for departure on the Sentencing Information Report and filed it, making it part of the record. The requirements of the guideline departure policy were met. *People v Good,* 141 Mich App 351; 367 NW2d 863 (1985).

I would affirm the sentence.