PEOPLE v BUNN

Docket No. 100956. Submitted January 6, 1988, at Lansing. Decided February 17, 1988.

Bruce L. Bunn was convicted, on his plea of guilty, of third-degree criminal sexual conduct, Genesee Circuit Court, and was sentenced to from 7½ to 15 years in prison, Robert M. Ransom, J. The court stated its reasons on the record for exceeding the guideline range, but did not indicate its reasons on the sentencing information report. Defendant appealed on May 28, 1987. On August 14, 1987, the trial court filed a sentence guidelines departure form which stated the trial judge's reasons for imposition of a sentence outside the guidelines range.

The Court of Appeals *held:*

The court erred in failing to indicate the reasons for departure from the sentencing guidelines on the sentencing information report. However, since the court corrected the sentencing information report to reflect the reasons for departure, the error is harmless.

Affirmed.

CRIMINAL LAW — SENTENCING — DEPARTURE FROM SENTENCING GUIDELINES — HARMLESS ERROR.

A sentencing court, when departing from the sentencing guidelines recommendations, must place its reasons for the departure both on the record and on the sentencing information report; failure to indicate the reasons on the sentencing information report may be rendered harmless error by a subsequent correction of the report to reflect the reasons.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert E. Weiss,* Prose-

REFERENCES

Am Jur 2d, Criminal Law §§ 525 *et seq.*; 535 *et seq.*; 596.

Defendant's right to disclosure of presentence report. 40 ALR3d 681.

See also the annotations in the Index to Annotations under Sentence and Punishment.

cuting Attorney, and *Donald A. Kuebler,* Assistant Prosecuting Attorney, for the people.

*Alan S. Wortman,* for defendant.

Before: CYNAR, P.J., and BEASLEY and K. B. GLASER,* JJ.

PER CURIAM. Defendant was convicted on his plea of guilty of criminal sexual conduct, third degree, MCL 750.520d; MSA 28.788(4). The recommended guideline sentence range was twelve to thirty-six months. The sentence imposed on January 13, 1987, was 7½ to 15 years. The trial court stated its reasons on the record for exceeding the guideline range, but did not indicate its reasons on the sentencing information report. Defendant filed an appeal as of right on May 28, 1987. On August 14, 1987, the trial court filed a sentence guidelines departure form which stated the trial judge's reasons for imposition of a sentence outside the guideline range.

Defendant contends that, if a sentencing information report is filled out by the trial court and the guidelines are exceeded, the sentencing judge must state both on the record and on the sentencing information report his reasons for exceeding the guidelines. We agree.

The Sentencing Guidelines, Departure Policy, Ch 27, ¶ 3, provides in part: "Departure reasons *must be placed on the record* and on the Sentencing Information Report (SIR)." (Emphasis added.) See also *People v Fleming,* 428 Mich 408, 428-429; 410 NW2d 266 (1987), and *People v Spalla,* 147 Mich App 722; 383 NW2d 105 (1985).

While *Spalla* requires a remand where departure reasons are not set forth on the record and

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the SIR, we believe, under the record herein, the need for remand should be reexamined and the issue before us should be considered under the harmless error court rule and statute. MCR 2.613(A); MCL 769.26; MSA 28.1096.

The trial court articulated its reasons on the record for departure from the sentencing guidelines. The trial court failed to state reasons on the information sheet as required by the Sentencing Guidelines Manual. However, since the trial court has corrected the SIR to reflect the reasons for departure, the error is harmless.

Affirmed.