PEOPLE v WITCHER

Docket No. 131324. Submitted September 6, 1991, at Lansing. Decided
December 27, 1991, at 9:20 A.M. Leave to appeal sought.

Charlie W. Witcher pleaded guilty of armed robbery in the
Genesee Circuit Court, Earl E. Borradaile, J., and was sen-
tenced to eight to twenty years' imprisonment. The defendant
appealed, claiming that the sentence, whose minimum exceeded
the recommendation under the sentencing guidelines, violated
the principle of proportionality.

The Court of Appeals *held:*

Pursuant to *People v Milbourn,* 435 Mich 630 (1990), a
sentence must be proportionate to the seriousness of the cir-
cumstances surrounding the offense and the offender. Although
the second edition of the sentencing guidelines provides the
best "barometer" of where on the continuum from least to most
threatening circumstances a given case falls, a sentencing court
may depart from the guidelines whenever, as in this case, the
recommended ranges are an inadequate reflection of the seri-
ousness of the case.

Affirmed.

MICHAEL J. KELLY, P.J., dissenting, stated that, because
sentencing in this case preceded the decision in *Milbourn,* the
case should be remanded so that the trial court can apply
*Milbourn* in the first instance and the parties can provide input
on the issue of sentence proportionality.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *Robert E. Weiss,* Prose-
cuting Attorney, and *Donald A. Kuebler,* Chief,
Appellate Division, and *Gladys L. Christopherson,*
Assistant Prosecuting Attorney, for the people.

*Neil C. Szabo,* for the defendant on appeal.

Before: MICHAEL J. KELLY, P.J., and DOCTOROFF
and CAVANAGH, JJ.

DOCTOROFF, J. Defendant pleaded guilty of armed robbery, MCL 750.529; MSA 28.797. He was sentenced to a prison term of eight to twenty years. On appeal, defendant claims that the sentence imposed violates the principle of proportionality. We affirm.

On December 10, 1989, defendant picked up Daryl Taylor and drove to a house where they met Perry Williams. After Williams handed Taylor a gun, defendant and Taylor drove to the Wendy's Restaurant in the City of Burton. Williams and another person followed defendant and Taylor in a separate car. Defendant stayed in his car while Taylor went inside Wendy's. Williams followed Taylor. A short time later, Taylor left Wendy's, carrying two or three bags of money. After he got in defendant's car, Taylor said that he had fired a shot during the robbery. Defendant drove to Williams' house, where they split up the money. According to defendant, he and Taylor got $10 or $15 and Williams kept the rest of the money. Approximately $900 was taken from Wendy's. Defendant and Taylor were arrested on December 12, 1989.

This matter is controlled by *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990), in which our Supreme Court abandoned the "shock the conscience" standard of *People v Coles,* 417 Mich 523, 549-550; 339 NW2d 440 (1983), and adopted the principle of proportionality. The Court in *Milbourn* held that a sentence must be proportionate to the seriousness of the circumstances surrounding the offense and the offender. While not requiring adherence to the sentencing guidelines, the Court noted that the second edition of the guidelines provides "the best 'barometer' of where on the continuum from least to most threatening circumstances a given case falls." *Milbourn, supra,* p 656.

A sentencing court is entitled to depart from the guidelines whenever the recommended ranges are considered "an inadequate reflection of the proportional seriousness of the matter at hand." *Id.,* p 661. The Court also stated that "departures are appropriate where the guidelines do not adequately account for important factors legitimately considered at sentencing." *Id.,* p 657. The Supreme Court instructed:

> Where there is a departure from the sentencing guidelines, an appellate court's first inquiry should be whether the case involves circumstances that are not adequately embodied within the variables used to score the guidelines. A departure from the recommended range in the absence of factors not adequately reflected in the guidelines should alert the appellate court to the possibility that the trial court has violated the principle of proportionality and thus abused its sentencing discretion. [*Id.,* pp 659-660.]

The Court further stated that "the key test is whether the sentence is proportionate to the seriousness of the matter, not whether it departs from or adheres to the guidelines' recommended range." *Id.,* p 661.

The guidelines' recommended minimum sentence was eighteen to sixty months. The trial court's reasons for departing from the guidelines and sentencing defendant to eight to twenty years were that defendant was the ringleader and that the circumstances of the offense showed that defendant was dangerous and a serious threat to the community. The trial court conceded that the factors it had mentioned were considered in the guidelines, then indicated that it nevertheless found the guidelines inadequate, considering its determination that defendant was a serious threat to the community.

Applying the proportionality standard of *Milbourn* to the exercise of sentencing discretion by the court in this case, we conclude that defendant's sentence is proportionate to the seriousness of the circumstances surrounding the offense and the offender and does not constitute an abuse of discretion.

Affirmed.

CAVANAGH, J., concurred.

MICHAEL J. KELLY, P.J. *(dissenting).* Defendant was sentenced on May 15, 1990, before the Supreme Court's decision in *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990). The guidelines' longest minimum term was set at five years; defendant was sentenced to an eight-year minimum. The majority applies the standard set by *Milbourn* and finds the sentence proportional. I think the trial court should apply the principles set forth in *Milbourn* in the first instance and decide whether the sentence is proportional. Unless the record is clear beyond peradventure that the sentence was indeed proportional, there is usually some degree of subjective sentencing philosophy involved.

The trial court justified the deviation from the guidelines by finding defendant the ringleader vis-a-vis the actual shooter, Darryl Taylor. No mention was made of Perry Williams who, defendant asserts, kept most of the $900 from the robbery, giving Taylor and defendant only $10 to $15 each. While it is true, as the prosecution points out, that the scoring of Offense Variable 9 was presented to the court and the court upheld the scoring, that in and of itself does not justify the court's decision to exceed the guidelines. The trial court was not given the opportunity to apply *Milbourn,* which, I

believe, should be addressed in that forum in order that the parties may provide input on the issues and the sentencing judge may rule accordingly on an informed basis.

I would remand for resentencing.