PEOPLE v PHILLIPS (ON REHEARING)
PEOPLE v FRAZIER (ON REHEARING)
PEOPLE v ROBINSON (ON REHEARING)

Docket Nos. 130363, 130364, 130366. Submitted February 2, 1993, at Detroit. Decided January 18, 1994, at 9:30 A.M.

Christian Phillips, Omar Frazier, and James E. Robinson were convicted by a jury in the Detroit Recorder's Court, Michael J. Talbot, J., of second-degree murder and armed robbery in the robbery and killing of an off-duty Michigan State Police trooper. The court, departing from the recommendations of the sentencing guidelines, sentenced each defendant to imprisonment of 150 to 300 years for the murder and 30 to 60 years for the armed robbery. The Court of Appeals, GILLIS, P.J., and MICHAEL J. KELLY and R. B. BURNS, JJ., in an unpublished opinion per curiam, decided March 8, 1990 (Docket Nos. 120749, 120920, 104683), affirmed the convictions and the sentences for armed robbery, but ordered resentencing for the murder convictions after determining that those sentences violated *People v Moore*, 432 Mich 311 (1989). On remand, the trial court resentenced each of the defendants to imprisonment of 65 to 150 years for the murder. In other, separate appeals by each of the defendants filed in propria persona, the Supreme Court, in lieu of granting leave to appeal, remanded to the Court of Appeals for reconsideration of the validity of the defendants' convictions in light of *People v Banks*, 438 Mich 408 (1991), and *People v Watkins*, 438 Mich 627 (1991). 439 Mich 896-897 (1991). On remand, the Court of Appeals, MICHAEL J. KELLY, P.J., and MACKENZIE and WAHLS, JJ., in an unpublished opinion per curiam, decided July 16, 1992 (Docket Nos. 147931, 147932, 147934), reversed the defendants' convictions. The prosecution sought and was granted leave to appeal the reversal of the convictions. 442 Mich 926 (1993). The Court of Appeals dismissed the appeals of the sentences for murder. On rehearing, the Court of Appeals vacated the order of dismissal.

On rehearing, the Court of Appeals *held:*

Administrative Order No. 1990-6 compels the Court of Appeals to follow *People v Weaver (After Remand)*, 192 Mich App

231 (1991), and hold that the sentences of 65 to 150 years' imprisonment for second-degree murder are not violative of *People v Moore.* However, considering the nature of the offense and the defendants' backgrounds, the extent of the trial court's departure from the sentencing guidelines' recommendation was Draconian and represented an abuse of sentencing discretion. The sentences violate the principle of proportionality. In the event that the Supreme Court reinstates the defendants' convictions in the prosecution's appeal, the cases must be remanded to the trial court for resentencing by a different judge.

Sentences for second-degree murder vacated; remanded for resentencing if convictions reinstated by Supreme Court.

CONNOR, J., dissenting, stated that under the circumstances of this case the sentences at issue are not violative of the principle of proportionality.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Janice M. Joyce Bartee,* Assistant Prosecuting Attorney, for the people.

*Daniel J. Rust,* for Christian Phillips on appeal.

*Lawrence R. Greene,* for Omar Frazier on appeal.

*Robert M. Morgan,* for James E. Robinson on appeal.

### ON REHEARING

Before: WAHLS, P.J., and MICHAEL J. KELLY and CONNOR, JJ.

MICHAEL J. KELLY, J. On July 1, 1987, following a jury trial, defendants were convicted of second-degree murder, MCL 750.317; MSA 28.549, and armed robbery, MCL 750.529; MSA 28.797. This Court affirmed their convictions, but ordered re-

sentencing of each defendant because the 150- to 300-year sentences for the murder convictions violated the dictates of *People v Moore,* 432 Mich 311; 439 NW2d 684 (1989). Unpublished opinion per curiam of the Court of Appeals, decided March 8, 1990 (Docket Nos. 102749, 102920, 104683). The armed robbery convictions and sentences of thirty to sixty years were affirmed and are not implicated in these proceedings.

On remand, each defendant was sentenced to 65 to 150 years' imprisonment. Defendants appealed as of right, contesting the modified sentences on the basis that the sentences violated the principle of proportionality. In the meantime, on an entirely separate track, apparently acting on delayed applications filed by each of the defendants in propria persona, the Supreme Court remanded this matter to this Court for reconsideration of defendants' convictions in light of *People v Banks,* 438 Mich 408; 475 NW2d 769 (1991), and *People v Watkins,* 438 Mich 627; 475 NW2d 727 (1991). 439 Mich 896-897 (1991). This Court then reversed all of defendants' convictions. Unpublished opinion per curiam of the Court of Appeals, decided July 16, 1992 (Docket Nos. 147931, 147932, 147934). Because the prosecutor had sought, and the Supreme Court granted, leave to appeal the reversal of defendants' convictions, 442 Mich 926 (1993), we decided to dismiss this appeal of defendants' sentences as moot, and an order was entered to that effect on April 8, 1993. Defendant Robinson requested rehearing, urging that the sentencing appeal was not moot. Because of the confusion engendered by the two separate tracks of appellate proceedings, we have been persuaded to grant rehearing. We now vacate our prior order in this matter and issue this opinion.

Defendants' convictions stem from the robbery and murder of off-duty Michigan State Police trooper Paul Hutchins in Hart Plaza in Detroit. The robbery turned to murder when Trooper Hutchins identified himself as a police officer and attempted to arrest his robbers.

The issue before this Court is whether the trial court abused its sentencing discretion. *People v Milbourn,* 435 Mich 630, 654; 461 NW2d 1 (1990).

First, we are compelled to follow precedent and hold that defendants' 65- to 150-year sentences do not violate the dictates of *People v Moore, supra.* Although we are divided on whether defendants have a reasonable prospect of actually serving the sentences imposed, even assuming regular disciplinary credits, we are constrained to hold that defendants' sentences do not violate *Moore* because of Administrative Order No. 1990-6. See *People v Weaver (After Remand),* 192 Mich App 231; 480 NW2d 607 (1991).

A sentence must be proportionate to the seriousness of the crime and the defendant's criminal record. A sentencing court abuses its discretion when it violates the principle of proportionality. *Milbourn, supra* at 656-657. In this case, the trial court imposed sentences outside the guidelines' recommended range for all three defendants. The sentencing guidelines and the post-conviction reports recommended a minimum sentence of between fifteen and thirty years for defendant Phillips, ten years to life for defendant Frazier, and sixteen years to life for defendant Robinson. Defendants' 65- to 150-year sentences far exceed the guidelines' recommended range. No attempt was made to individualize the sentences. However, a sentencing court is entitled to depart from the guidelines' range whenever the recommended ranges are considered an inadequate reflection of

the seriousness of the matter at hand. *People v Witcher,* 192 Mich App 307, 309; 480 NW2d 636 (1991). Departures are appropriate where the guidelines do not adequately account for important factors that legitimately can be considered at sentencing. *Id.*

When a sentencing court departs from the sentencing guidelines, this Court must ask whether the case involves circumstances that are not adequately embodied within the variables used to score the guidelines. *Milbourn, supra* at 659-660. Even when a departure appears to be appropriate, the extent of the departure must be considered in deciding whether a sentence violates the principle of proportionality. *Id.* at 660. In order to determine proportionality, the nature of the offense and the background of the offender must be considered. *Id.* at 651.

After reviewing the record in this matter, considering the nature of the offense and the background of the offenders, we believe that the trial court abused its discretion in imposing the 65- to 150-year sentences. Although child assassins now regularly appear in our courts, there is no question that this was an outrageous offense and that a most severe sentence was warranted. Had the sentences been life sentences we would have affirmed posthaste, unanimously. Although a departure was appropriate for each, the extent of the departure was Draconian. The guidelines, recognizing different degrees of culpability, differed for each defendant. Under these sentences, three generations will have come and gone before the effects of defendants' punishments are assessed and the rehabilitative effects, if any, are considered. Cf. *People v Rushlow,* 437 Mich 149; 468 NW2d 487 (1991). The trial court abused its discretion in imposing these sentences.

If the Supreme Court affirms the July 16, 1992, reversal of defendants' convictions by this Court, this opinion will be rendered moot. If the Supreme Court reinstates their convictions, this opinion will be operative. Therefore, remand is held in abeyance pending the decision of the Supreme Court in Docket No. 94509 on the prosecutor's appeal.

Defendants' sentences are vacated. Resentencing shall be conducted by a different judge in order to preserve the appearance of justice and to avoid waste and duplication. *People v Evans,* 156 Mich App 68, 72; 401 NW2d 312 (1986); *People v Spalla,* 147 Mich App 722, 727; 383 NW2d 105 (1985).

WAHLS, P.J., concurred.

CONNOR, J. *(dissenting).* I would not find that these sentences violate the principle of proportionality.

I concur with the trial court that "given the nature of the crime, the fact that this was a police officer and given its location does allow the court to deviate from the guidelines." The cold-blooded murder of a man who was killed because he was a law enforcement officer is such singularly aberrant behavior that the guidelines supply minimal guidance at best, and the trial court provided ample justification for the departure. While only one of the defendants actually shot Trooper Hutchins after learning that he was a police officer, each defendant was part of an organized gang of predatory robbers that preyed on the heart of downtown Detroit. It is the duty of a civilized society to provide protection for its citizens, and it is particularly important to vigorously defend those areas where the citizenry traditionally congregate to socialize and conduct its business. Law enforcement officials place their lives in jeopardy on a

daily basis to provide protection for the rest of society. In order to minimize the risk to those who choose this dangerous profession, strict sentences are warranted for convicted felons who have intentionally disregarded the status of law enforcement officers, and the most severe sentences are justified for those who use fatal force against a police officer acting in the line of duty.

While there are some differences in the background of the three defendants, and some disparity in the nature of the offense each committed, the trial court did not abuse its discretion in finding the variations in personal history and their respective roles in the crime did not merit different sentences. It is not an abuse of discretion to find that even the least culpable of the officer's murderers deserves the longest sentence the law allows. I would find the sentences to be proportional to the seriousness of the matter before the trial court.