# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

FERLANDO SANTINO HARRIS,

Defendant-Appellant.

UNPUBLISHED
September 15, 2015

No. 320000
Wayne Circuit Court
LC No. 13-008485-FH

Before: MURRAY, P.J., and METER and OWENS, JJ.

PER CURIAM.

Defendant appeals as of right from his convictions following a bench trial of possession of a short-barrel shotgun, MCL 750.224b, possession of a firearm by a felon, MCL 750.224f, possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b, and four counts of assault with a dangerous weapon, MCL 750.82. We remand for an adjustment in sentencing, but otherwise affirm.

## I. FACTS

This case arises from a confrontation that took place on the afternoon of June 18, 2013, in Redford Township. The prosecution presented evidence that, in a tense situation involving young adults, their romantic rivalries, and their personal loyalties and animosities, defendant produced a sawed-off shotgun and brandished it at several individuals. Four eyewitnesses unequivocally identified defendant as participating in the fracas and brandishing a shotgun.

The trial court originally sentenced defendant, as a habitual offender second, MCL 769.10, to serve terms of imprisonment of three to six years for the first assault conviction, two to six years for each of the remaining assault convictions, and four to seven and one-half years each for the short-barreled shotgun and felon-in-possession convictions. Defendant was sentenced to two years on the felony-firearm conviction. The court ordered the felony-firearm sentence to run consecutively with the first felonious assault sentence.

While the claim of appeal was pending, defendant moved this Court to remand this case to the trial court for an evidentiary hearing on his claim of ineffective assistance of trial counsel,

-1-

and for resentencing. This Court denied the motion for an evidentiary hearing, but granted it for resentencing.[1] On resentencing, the trial court retained the original terms of imprisonment for the felony-firearm and second, third, and fourth assault convictions, but reduced the minimum sentence for the first assault conviction to two years, and reduced the minimum sentences for the felon-in-possession and short-barreled shotgun convictions to three years each. This time the trial court ordered the felony-firearm sentence to run consecutively with the felon-in-possession sentence.

Defendant again sought a remand for resentencing. This Court denied the motion, but invited defendant to raise and brief his new sentencing issue as part of his claim of appeal.[2] Defendant accepted that invitation, and also challenges his convictions on the ground that he was tried and sentenced without the benefit of effective assistance of counsel.[3]

## II. ASSISTANCE OF COUNSEL

Defendant argues that defense counsel was ineffective for failing to call as a witness another young man involved in the melee, who has since pleaded guilty and accepted a term of incarceration for his role in the matter, on the ground that the young man could have testified both that defendant was not present, and that someone else had the sawed-off shotgun. Alternatively, defendant asserts that counsel could have brought the ostensibly exculpatory information to the court's attention through the man's statement to the police.

"In reviewing a defendant's claim of ineffective assistance of counsel, the reviewing court is to determine (1) whether counsel's performance was objectively unreasonable and (2) whether the defendant was prejudiced by counsel's defective performance." *People v Rockey*, 237 Mich App 74, 76; 601 NW2d 887 (1999). Regarding the latter, the defendant must show that the result of the proceeding was fundamentally unfair or unreliable, and that but for counsel's poor performance the result would have been different. *People v Messenger*, 221 Mich App 171, 181; 561 NW2d 463 (1997). Because there has been no evidentiary hearing to develop this issue further, our review is limited to mistakes apparent on the existing record. *People Matuszak*, 263 Mich App 42, 48; 687 NW2d 342 (2004).

---

[1] *People v Harris*, unpublished order of the Court of Appeals, issued October 23, 2014 (Docket No. 320000).

[2] *People v Harris*, unpublished order of the Court of Appeals, entered April 17, 2015 (Docket No. 320000).

[3] Defendant also raised as his second issue on appeal the sentencing issue over which this Court granted a remand, and over which the trial court resentenced defendant. Because defendant has received the relief he wanted in connection with that issue, it is now moot. See *People v Rutherford*, 208 Mich App 198, 204; 526 NW2d 620 (1994) (where a subsequent event renders it impossible for this Court to fashion a remedy, an issue becomes moot). "As a general rule, an appellate court will not decide moot issues." *B P 7 v Bureau of State Lottery*, 231 Mich App 356, 359; 586 NW2d 117 (1998).

Counsel's decisions concerning witnesses or theories to present are presumed to be exercises of sound trial strategy. *People v Julian*, 171 Mich App 153, 158-159; 429 NW2d 615 (1988). To overcome that presumption, a defendant must show that counsel's failure to prepare for trial resulted in counsel remaining ignorant of—and therefore not presenting—substantially beneficial evidence. *People v Caballero*, 184 Mich App 636, 640, 642; 459 NW2d 80 (1990). Mere speculation that certain evidence or witnesses would have been favorable is insufficient to warrant relief. See *People v Avant*, 235 Mich App 499, 508; 597 NW2d 864 (1999).

Defendant has offered no statement from his putative exculpatory witness concerning testimony he was prepared to offer. Instead, defendant offers an affidavit from his appellate attorney, in which she attests to her belief, "based on investigation and discovery," that the witness would testify that defendant was not at the scene of the crime. However, we are not satisfied that appellate counsel's expressed confidence in how the witness might testify, stopping short as it does of informing this Court that her investigation and discovery included any actual communication with the man, provides a sufficient offer of proof concerning whether, or how, exculpatory testimony was available from that source.

The police report is similarly unavailing. An exhibit appended to defendant's brief on appeal reveals the document in question to be a supplemental report, flagged as lacking supervisor approval, attributing to the witness several descriptions of the events at issue. These include the reporting officer's observation that the witness initially said that a friend named "Jay" called him, that "Jay" then "came around the block" to lend his assistance, and that "Jay had the shotgun," even though all other witnesses "saw Jay exit the passenger compartment of [the witness's] vehicle." There is no mention of defendant within the statements attributed to the witness, but neither is there any assertion that the latter and "Jay" were the only persons on their side of the conflict, or that "Jay" was the only one ever to possess the shotgun. At best, this statement is favorable to the defense because if defendant played as large a role in the conflict as the prosecution suggested, one would expect that he would be mentioned in a summary of the events. But defendant testified that he and the witness were friends, and so a fact-finder could well suspect that the latter intentionally chose not to mention defendant when talking to the police. In fact, none of the statements attributed to the witness directly conflicted with the prosecution's theory of defendant having brandished a short-barreled shotgun at the time and place in question. We therefore conclude that this document falls short of being exculpatory in nature, and that it would have been of little use to the defense at trial.

For these reasons, defendant has failed to show that trial counsel missed any substantial opportunities to strengthen the defense by not having endeavored to develop exculpatory evidence though the identified witness. See *Caballero*, 184 Mich App at 642.

Further, in light of the testimonies of four eyewitnesses unequivocally identifying defendant as present and brandishing a shotgun at the time and place in question, defendant fails to show that the result would likely have been different. See *Messenger*, 221 Mich App at 181.

## II. SENTENCING

Turning to the sentencing issues, we agree with defendant that the trial court erred at resentencing in replacing the first count of felonious assault as the predicate for the felony-firearm conviction with the count of felon in possession. We review a trial court's sentencing

decisions for an abuse of discretion. *People v Cain*, 238 Mich App 95, 130; 605 NW2d 28 (1999). "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes." *People v Waterstone*, 296 Mich App 121, 131-132; 818 NW2d 432 (2012). This includes where a decision follows from an error of law. *Id.* at 132.

The trial court originally scored the sentencing guidelines for felonious assault, and arrived at a recommended range for defendant's minimum sentence of 14 to 36 months. The reason for the remand and resentencing was that felonious assault was not of the highest crime class among defendant's convictions subject to guidelines scoring. See MCL 771.14(2)(e)(*iii*). On remand the trial court scored the guidelines for possession of a short-barreled shotgun, which actually resulted in an increased range for the minimum sentence, 19 to 47 months. However, citing defendant's improved prospects for rehabilitation, the court took the opportunity to reduce several of defendant's minimum sentences.[4]

Concurrent sentencing is the norm, and so consecutive sentences may be imposed only when specifically authorized by statute. *People v Brown*, 220 Mich App 680, 681-682; 560 NW2d 80 (1996). A case in point is felony-firearm, a conviction of which must be predicated on an eligible felony, MCL 750.227b(1), and a sentence for which must run consecutively with, and before, any sentence imposed for the predicate felony, MCL 750.227b(3). "[T]he Legislature intended that a felony-firearm sentence be consecutive only to the sentence for a specific underlying felony." *People v Clark*, 463 Mich 459, 463; 619 NW2d 538 (2000).

The trial court was thus obliged to impose a sentence for felony-firearm to be followed by a sentence for its predicate felony, with all other sentences then running concurrently with that pair. At issue, then, is just what felony served as the predicate for defendant's felony-firearm conviction.

As noted, the trial court originally chose the first conviction of felonious assault as the predicate for the conviction of felony-firearm, then on resentencing chose the conviction of felon in possession. The consequence of having changed the predicate felony from the first of the four assaults charged, when it carried a three-year minimum sentence later reduced to two, to felon in possession, now also carrying a three-year minimum sentence, down from four, was to deprive defendant of the benefit of the court's reduction of the minimum sentence for the first assault conviction from three years to two, thus defeating the intention behind the court's statement to defendant that his display of improved attitude "just took a year off your sentence." The record does not indicate whether this changing of predicate felonies was inadvertent or intentional. Either way, the change was error.

"[I]it is well established that a trial judge does not have the power to change a valid sentence . . . ." *Makowski v Governor*, 495 Mich 465, 487; 852 NW2d 61, as amended on reh'g

---

[4] See *People v Phillips*, 227 Mich App 28, 32-33; 575 NW2d 784 (1997) (law of the case doctrine does not prevent a sentencing court from taking into account at resentencing a defendant's prison record since the earlier sentencing, where that record constitutes a substantial change in the facts material to sentencing).

497 Mich 862 (2014). But also well established is that a sentence calculated under a misapprehension of what the sentencing guidelines recommend is invalid for having been based on inaccurate information. *People v Francisco*, 474 Mich 82, 88, 89 n 7; 711 NW2d 44 (2006). Another constraint on a trial court is that "proceedings on remand are limited to the scope of the remand order." *People v Canter*, 197 Mich App 550, 567; 496 NW2d 336 (1992).

In this case, there was no error in the trial court's original choice of the first count of felonious assault to serve as the predicate felony for the felony-firearm conviction. The latter aspect of the original sentencing was thus valid. The only intervening change in circumstances that may seem to bear on the matter was that felonious assault no longer served as the sentencing offense for purposes of scoring the guidelines, but that development did not affect the validity of that offense as the predicate for felony-firearm. Further, when the court rescored the guidelines it did so in reference to possession of a short-barreled shotgun, then chose not that offense but rather felon in possession as the new predicate for felony-firearm, thus indicating that the court was not driven by some inclination to predicate the felony-firearm conviction on whatever happened to be the scoring offense. Similarly, because the trial court eschewed predicating the felony-firearm conviction on one of the other convictions drawing the longest minimum sentences at the original sentencing, that was presumably not the court's reason for doing so at resentencing.

For these reasons, the trial court's decision to change predicate felonies constitutes an abuse of discretion. See *Waterstone*, 296 Mich App at 131-132. And to the extent that the court committed legal error for having deviated from the scope of the remand, or otherwise failing to maintain a valid aspect of the original sentencing when no substantial change in circumstances compromised the validity of that choice, the court abused its discretion for having misapplied a rule of law. See *id.* at 132.

We vacate the Judgment of Sentence in pertinent part and remand this case to the trial court with instructions to restore the first count of felonious assault as the predicate felony for the felony-firearm conviction, and to issue and transmit to the Department of Corrections a judgment of sentence so indicating. Because that task is ministerial in nature, resentencing is not required. See *People v Triplett*, 432 Mich 568, 573; 442 NW2d 622 (1989); *People v Bunn*, 166 Mich App 584, 585-586; 421 NW2d 247 (1988).

Remanded for ministerial adjustments in the judgments of conviction and sentence, but otherwise affirmed. We do not retain jurisdiction.

/s/ Christopher M. Murray
/s/ Patrick M. Meter
/s/ Donald S. Owens