RAVEN v BOARD OF COMMISSIONERS OF WAYNE COUNTY

Docket No. 55911. Argued March 5, 1975 (Calendar No. 7).—Decided February 14, 1977.

Dr. Clara Raven was appointed by the Wayne County Board of Supervisors as Deputy County Medical Examiner in 1959, and served until 1970 when she reached the age of 65 and was forced to retire by the Board of Trustees of the Wayne County Retirement System. She sought a declaratory judgment that she was an appointed official for the purposes of the retirement ordinance enabling act and was therefore exempt under the act from compulsory retirement at the age of 65. The Wayne Circuit Court, Harry J. Dingeman, Jr., J., granted summary judgment for defendants Wayne County Board of Commissioners and Board of Trustees of the Wayne County Employees' Retirement System. The Court of Appeals, Danhof, P. J., and Holbrook and Vander Wal, JJ., reversed and remanded for further proceedings (Docket No. 9492). On remand Wayne Circuit Court, Montague R. Hunt, J., granted judgment for defendants. The Court of Appeals, McGregor, P. J., and J. H. Gillis and O'Hara, JJ., affirmed (Docket No. 14232). Plaintiff appeals. *Held:*

1. The term "elected or appointed officials" in the statute which provides that a county retirement plan may not require those officials to retire means an official whose term of office is prescribed by the Constitution or by statute or who serves at the pleasure of the appointing authority.

2. Deputy county medical examiners, in a county having a civil service system, are within the county's classified civil service, and may not be dismissed at the will of the appointing authority. There is no fixed term of office prescribed by the Constitution or statute.

3. Neither the civil service statute nor the rules and regula-

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 744 *et seq.*
[2, 4] 15A Am Jur 2d, Civil Service § 60.
[3] 15A Am Jur 2d, Civil Service § 52.
[5] 15A Am Jur 2d, Civil Service § 47.
[6] 60 Am Jur 2d, Pensions and Retirement Funds § 55.

tions provide for the tenure and retirement of persons in the classified service. Where tenure is not otherwise regulated the position is subject to general tenure provisions. The statute which authorizes a county to adopt a pension and retirement plan and to require retirement at or after age 65 is the means for providing for mandatory retirement of county officers and employees subject to the plan whose employment is not otherwise regulated.

4. The tenure of the deputy county medical examiner is subject to general tenure provisions, and the office is not covered by the exemption for "appointed officials" within the meaning of the statute.

Affirmed.

32 Mich App 4; 188 NW2d 197 (1971) reversed.

52 Mich App 196; 217 NW2d 116 (1974) affirmed.

1. APPEAL AND ERROR—LAW OF THE CASE—LEAVE TO APPEAL—DE-
NIAL.

A determination of the Court of Appeals in its first opinion, remanding the case for further proceedings, from which leave to appeal to the Supreme Court was denied is not the "law of the case" precluding the Supreme Court from reaching a contrary conclusion because the appeal to the Supreme Court taken after remand and appeal to the Court of Appeals is the first occasion the Supreme Court has had to consider on plenary review the conclusions and determinations of the Court of Appeals.

2. OFFICERS—COUNTIES—CIVIL SERVICE SYSTEM—MANDATORY RETIRE-
MENT—ELECTED OR APPOINTED OFFICIALS—WORDS AND PHRASES.

The term "elected or appointed officials" in the statute which provides that a county may not require such officials to retire means an official whose term of office is prescribed by the Constitution or by statute or who serves at the pleasure of the appointing authority (MCL 46.12a; MSA 5.333[1]).

3. OFFICERS—COUNTIES—DEPUTY MEDICAL EXAMINER.

Wayne County deputy medical examiners are within the county's classified civil service, and may not be dismissed at the will of the appointing authority; there is no fixed term of office (MCL 38.410, 38.412; MSA 5.1191[10], 5.1191[12]; Wayne County Civil Service Commission Rules and Regulations, § 10, Rule 3).

4. OFFICERS—COUNTIES—DEPUTY MEDICAL EXAMINER—CIVIL SERVICE
SYSTEM—MANDATORY RETIREMENT.

A Wayne County deputy medical examiner is not an "appointed

official" within the meaning of a statute which provides that a county retirement plan may not require "elected or appointed officials" to retire (MCL 46.12a; MSA 5.333[1]).

5. OFFICERS—PUBLIC EMPLOYEES—TENURE.

   The tenure and terms of office of some persons employed by state or local units of government are governed by constitutional or statutory provisions; where tenure is not otherwise regulated the position is subject to general tenure provisions.

6. OFFICERS—COUNTIES—MANDATORY RETIREMENT.

   A statute which authorizes a county to adopt a pension and retirement plan and to require retirement at or after age 65 is a means of providing for mandatory retirement of county officers and employees subject to the plan whose retirement is not otherwise regulated (MCL 46.12a; MSA 5.333[1]).

*Harold Helper* for plaintiff.

*Aloysius J. Suchy,* Corporation Counsel, and *David R. Kaplan,* Assistant Corporation Counsel, for defendants.

LEVIN, J. Clara Raven, a physician, was appointed to the office of deputy county medical examiner. She served in that capacity from her appointment in 1959 until 1970, when she was retired by the Board of Trustees of the Wayne County Employees' Retirement System because she had reached the age of 65.

The issue is whether her mandatory retirement was lawful. We hold that it was, and affirm the Court of Appeals.[1]

---

[1] The Court of Appeals held that Raven was lawfully retired by the retirement board because the appointment and removal of deputy county medical examiners is subject to civil service and the Civil Service Act is "intimately related to the job classification and to general policy uniformly practiced by the Retirement Board". *Raven v Board of Commissioners of Wayne County,* 52 Mich App 196, 200; 217 NW2d 116 (1974).

The Court declared that the retirement board's "long-standing policy" of using civil service classification rules "to determine whether an employee is an 'appointed official'" "carries great weight". *Id,* p 199.

The Court of Appeals on the first appeal to that Court declared that

The statute provides that a county retirement plan may not require "elected or appointed officials" to retire.[2] Raven contends that she is an appointed official.

We conclude that Raven is not an appointed official within the meaning of the statute. The term "elected or appointed officials" means an official whose term of office is prescribed by the Constitution or by statute or who serves at the pleasure of the appointing authority.

It appears that Raven obtained her position as deputy county medical examiner on appointment by and with the approval of the Wayne County Board of Commissioners, the Wayne County Civil Service Commission and the county medical examiner.[3]

---

Raven was an "appointed official" within the meaning of the statute. *Raven v Board of Commissioners of Wayne County*, 32 Mich App 4; 188 NW2d 197 (1971). The Court remanded for further proceedings. We denied an application for leave to appeal. 385 Mich 765 (1971). Raven asserts that the question whether she is an appointed official is no longer open to consideration and has become the "law of the case".

The remand for further proceedings prevented the judgment from becoming final. This is the first occasion this Court has had to consider on plenary review the conclusions and determinations of the Court of Appeals. We are not precluded by the earlier determination of the Court of Appeals from reaching a conclusion contrary to that expressed in its first opinion.

[2] "In any county pension or retirement plan adopted under the provisions of this section, the board of supervisors may require that all county employees, except elected or appointed officials, be retired from county service upon attaining an age designated in said plan which shall not be less than 65 years of age; or, the board of supervisors may in any such plan designate an age which shall not be less than 65 years of age, at which all county employees, including elected or appointed officials, shall cease to be members of the retirement system and provide that no county employee shall receive additional pension or retirement benefits because of service rendered after attaining the age so designated. The board may also provide that except in the case of becoming a beneficiary, all prior service and membership service which may have been credited to the person shall be forfeited by him at the time his membership terminates." MCLA 46.12a; MSA 5.333(1).

The foregoing does not reflect amendments subsequent to the 1970 compilation.

[3] "In counties having a civil service commission, the appointment

Deputy county medical examiners are within the county's classified civil service, and may not be dismissed at the will of the appointing authority. There is no fixed term of office.

I

The county civil service statute,[4] applicable to Wayne County, and the rules and regulations of the Wayne County Civil Service Commission provide for the classification of job positions. The office of deputy county medical examiner is within the classified service.

Neither the civil service statute nor the rules and regulations provide for the tenure and retirement of persons in the classified service.

By separate statute, the county board of commissioners is authorized to adopt a pension and retirement plan for county employees.[5] The statute provides that such a plan may "require that all county employees, *except elected or appointed officials,* be retired from county service upon attain-

---

and tenure of the medical examiner shall be made in accordance with the provisions thereof." MCLA 52.201; MSA 5.953(1).

"The board of supervisors may appoint as a deputy county medical examiner any person meeting the qualifications as required by this section and approved by the county medical examiner." MCLA 52.201a; MSA 5.953(1a).

"In counties having a civil service system the county medical examiner shall appoint the deputy medical examiners." MCLA 52.201d; MSA 5.953(1d).

"The county board of supervisors shall remove from office any county medical examiner or upon request of the county medical examiner any deputy county medical examiner, after hearing, who fails to discharge properly the duties of his office. In counties having a civil service system, the removal of the county medical examiner shall be made in accordance with the provisions of the civil service system." MCLA 52.201f; MSA 5.953(1f).

[4] MCLA 38.410; MSA 5.1191(10).

[5] MCLA 46.12a; MSA 5.333(1).

ing an age designated in said plan which shall not be less than 65 years of age"[6] (emphasis supplied).

An ordinance establishing such a retirement plan was adopted by the Wayne County Board of Commissioners. A retirement board to administer the plan was created.[7] The ordinance provides for retirement of all members of the system at 65, except elected or appointed officials.[8]

In requiring Dr. Raven to retire at 65, the retirement board or its executive secretary appears to have concluded that a person holding a position within the classified service is not an elected or appointed official.

Raven contends that such a construction does not represent retirement board policy, but an *ad hoc* determination of its executive secretary. She further contends that she was "appointed" and, in light of the discretionary nature and importance of her duties, she is an appointed official within the meaning of the statute and that the classification of her position by the civil service commission does not preclude application of the statutory exemption.[9]

II

The construction of the exemption for appointed officials sought by Raven would, in effect, give her

---

[6] *Id.*

[7] *See* MCLA 46.12a(13); MSA 5.333(1)(13).

[8] Art VI, § 1(b) of the retirement ordinance.

[9] We also conclude, contrary to another contention by Raven, that a hearing and observance of the other procedures provided for in § 16 of the civil service statute is not required before enforcement of a provision requiring mandatory retirement at 65. MCLA 38.416; MSA 5.1191(16). Retirement based on the objective criterion of age requires no hearing where there is no factual issue other than the employee's age, which is not in dispute.

life tenure. Neither the statute creating the office of deputy county medical examiner nor the civil service statute limits the tenure of the office. Under the construction urged by Raven, the tenure of the office could not be established pursuant to the pension and retirement plan statute.

Governmental employees do not generally have life tenure.

The tenure and term of office of some persons employed by state or local units of government is governed by constitutional or statutory provisions. Elected officials and those appointed to certain boards and commissions generally have fixed terms of office; unless they voluntarily retire, they are "retired" upon failure of the voters to return them to office or of the appointing authority to reappoint them.

Some officers and employees serve at the pleasure of the appointing authority, and therefore may be "retired" at any time without a showing of cause.

Other positions are subject to mandatory retirement on attainment of an age specified in the constitution or in a statute establishing the position or a pension and retirement system.

Where tenure is not otherwise regulated the position is subject to general tenure provisions.

We read the statute, authorizing a county to adopt a pension and retirement plan and to require retirement at or after 65, as the means of providing for mandatory retirement of county officers and employees, subject to the plan, whose retirement is not otherwise regulated. Consistent with that reading, we construe the term "elected or appointed officials" as meaning officials whose term of office is prescribed by statute or the consti-

tution or who serve at the pleasure of the appointing authority.[10]

A deputy county medical examiner is not an elected official. Although "appointed", the term of office of a deputy county medical examiner is not prescribed by the Constitution or by statute. A person holding this office is protected in Wayne County by the provisions of the county civil service statute and rules and regulations of the county's civil service commission and therefore does not serve at the pleasure of the appointing authority.[11]

We conclude that the tenure of this office is subject to general tenure provisions and that the office is not covered by the exemption for appointed officials.

Affirmed. No costs, a public question.

KAVANAGH, C. J., and WILLIAMS, COLEMAN, and FITZGERALD, JJ., concurred with LEVIN, J.

RYAN and BLAIR MOODY, JR., JJ., took no part in the decision of this case.

[10] *See People v Freedland,* 308 Mich 449; 14 NW2d 62 (1944).

[11] As an officer in the classified civil service, a deputy county medical examiner is subject to "merit" hiring and promotion, has a right to notice, hearing and appeal and the presence of an attorney on an appeal from removal, suspension or reduction in rank or compensation by the appointing authority. MCLA 38.416; MSA 5.1191(16).

*Contrast Kent County Register of Deeds v Kent County Pension Board,* 342 Mich 548; 70 NW2d 765 (1955), where this Court held that the deputy register of deeds was an appointed official. The statute provided that the deputy register of deeds shall "hold his office during the pleasure of the register".