PEOPLE v PHILLIPS (AFTER SECOND REMAND)

PEOPLE v ROBINSON (AFTER SECOND REMAND)

PEOPLE v FRAZIER (AFTER SECOND REMAND)

Docket Nos. 191766, 191237, 191238. Submitted August 13, 1997, at Detroit. Decided December 16, 1997, at 9:00 A.M. Leave to appeal sought.

Christian Phillips, Omar Frazier, and James E. Robinson were convicted by a jury in the Recorder's Court for the City of Detroit, Michael J. Talbot, J., of second-degree murder and armed robbery. The court sentenced each defendant to 150 to 300 years in prison for the murder conviction and 30 to 60 years in prison for the armed robbery conviction. The defendants appealed. The Court of Appeals, GILLIS, P.J., and MICHAEL J. KELLY and R. B. BURNS, JJ., affirmed the convictions and the sentences for armed robbery, but remanded for resentencing for the murder convictions after determining that those sentences violated *People v Moore*, 432 Mich 311 (1989). *People v Frazier*, unpublished opinion per curiam of the Court of Appeals, issued March 8, 1990 (Docket Nos. 102749, 102920, 104683). On remand, Judge Talbot resentenced each defendant to 65 to 150 years in prison. The defendants again appealed. The Court of Appeals, WAHLS, P.J., and MICHAEL J. KELLY, J. (CONNOR, J., dissenting), found the sentences to be disproportionately harsh and remanded for resentencing by a different judge. *People v Phillips (On Rehearing)*, 203 Mich App 287 (1994). The Supreme Court denied the prosecutor's application for leave to appeal. *People v Phillips No 1*, 450 Mich 851 (1995). On second remand, the court, Karen F. Hood, J., resentenced the defendants to 65 to 150 years in prison. The defendants again appealed. The appeals were consolidated.

After second remand, the Court of Appeals *held*:

1. The law of the case doctrine does not apply to defendants Phillips and Frazier because the facts regarding those defendants did not remain substantially the same between the first and second resentencings. The prison records of these two defendants during that period was bad enough to foreclose application of the law of the case doctrine.

2. The law of the case doctrine need not be applied with regard to defendant Robinson. It is clear that the Supreme Court would affirm the present sentence and is not bound to any law of the case, having not itself rendered any pronouncements regarding the merits of this case. The applicable legal principles of sentence review have been altered substantially since the opinion in *People v Phillips (On Rehearing)* was entered. The intervening change in the law indicates that fewer sentences than first believed under *People v Milbourn*, 435 Mich 630 (1990), should in fact be found disproportionate. Not only would it create an injustice to remand for a fourth sentencing and imposition of a shorter sentence, but it would also be unjust and in excess of the jurisdiction of the Court of Appeals not to affirm a proportionate sentence.

3. None of the defendants' challenges to the scoring of the sentencing guidelines are cognizable appellate issues.

4. Defendant Frazier's claim that he was sentenced on the basis of inaccurate information that was not disclosed before sentencing must be rejected. However, certain material in Frazier's presentence report should have been, but was not, deleted. The matter must be remanded solely for the deletion of that material.

Affirmed and remanded.

WAHLS, P.J., dissenting, stated that the law of the case doctrine is applicable in this case. The holding in *People v Phillips (On Rehearing)*, 203 Mich App 287 (1994), that the sentences were not proportionate should be followed here. Therefore, the sentences should be vacated and the matter should be remanded for resentencing by a different judge. There is no evidence indicating a change in the circumstances surrounding the defendants, and the applicable law has changed little since the *Phillips (On Rehearing)* opinion was entered and none since the Supreme Court denied leave to appeal from that opinion.

1. APPEAL — LAW OF THE CASE.

The law of the case doctrine is a general rule that applies only if the facts remain substantially or materially the same.

2. APPEAL — LAW OF THE CASE.

The law of the case doctrine is not inflexible and, particularly in criminal cases, need not be applied if it will create an injustice; the doctrine is a general practice, not a limit on a court's power; there are times when the law of the case must yield to a competing interest.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *John D. O'Hair*, Prosecuting

Attorney, *Timothy A. Baughman*, Chief of Research, Training, and Appeals, and *Janet A. Napp*, Assistant Prosecuting Attorney, for the people.

*Frank M. Frontczak*, for James E. Robinson.

*Craig A. Daly, P.C.* (by *Craig A. Daly*), for Omar Frazier.

*George N. Koklanaris*, for Christian Phillips.

AFTER SECOND REMAND

Before: WAHLS, P.J., and TAYLOR and HOEKSTRA, JJ.

TAYLOR, J. Each defendant has appealed from his resentencing to 65 to 150 years of imprisonment. We have consolidated their appeals and affirm the sentences imposed.

On August 29, 1985, defendants robbed and murdered Paul Hutchins, an off-duty Michigan State Police trooper. Defendants were convicted of second-degree murder, MCL 750.317; MSA 28.549, and armed robbery, MCL 750.529; MSA 28.797.[1] Defendants were each sentenced by Judge Michael Talbot to 150 to 300 years in prison for their second-degree murder convictions and 30 to 60 years in prison for the armed robbery convictions. In *People v Frazier*, unpublished opinion per curiam of the Court of Appeals, issued March 8, 1990 (Docket Nos. 102749, 102920, 104683), this Court affirmed the convictions and the sentences for the armed robbery convictions but remanded for resentencing with regard to the sentences for the murder convictions because the

---

[1] The Supreme Court affirmed defendants' convictions. *People v Frazier (After Remand)*, 446 Mich 539; 521 NW2d 291 (1994).

sentences imposed violated *People v Moore*, 432 Mich
311; 439 NW2d 684 (1989).[2] At resentencing, Judge
Talbot sentenced each defendant to 65 to 150 years in
prison. In *People v Phillips (On Rehearing)*, 203 Mich
App 287, 291; 512 NW2d 62 (1994), this Court held
that, even though a most severe sentence was war-
ranted and that a parolable life sentence would have
been affirmed posthaste, 65- to 150-year sentences
were disproportionately harsh and ordered a resen-
tencing by a different judge. Judge CONNOR dissented,
stating that he did not find the 65- to 150-year
sentences in violation of the principle of proportional-
ity. The Supreme Court denied the prosecutor's appli-
cation for leave to appeal. 450 Mich 851 (1995).[3]

Defendants were resentenced by Judge Karen Fort
Hood on October 13, 1995. Judge Hood imposed 65-
to 150-year sentences. Defendants now appeal their
most recent sentences, arguing that the sentences vio-
late the law of the case doctrine and are
disproportionate.

Assuming arguendo that the law of the case doc-
trine can apply to a resentencing performed by a dif-
ferent judge,[4] we find that it does not apply to defend-
ants Phillips and Frazier. The law of the case doctrine

---

[2] We note that *Moore* is no longer good law. See *People v Kelly*, 213
Mich App 8, 15; 539 NW2d 538 (1995); *People v Lemons*, 454 Mich 234,
257; 562 NW2d 447 (1997).

[3] The order denying leave to appeal indicated that Justices BOYLE and
WEAVER would have reinstated the defendants' sentences and that Justice
RILEY would have remanded for reconsideration in light of *People v Merri-
weather*, 447 Mich 799; 527 NW2d 460 (1994), and *People v Houston*, 448
Mich 312; 532 NW2d 508 (1995).

[4] We would be more receptive to invoking the law of the case doctrine
if the sentences we are reviewing had not been imposed by a different
judge. See *People v Mazzie*, 429 Mich 29; 413 NW2d 1 (1987). Indeed, the
prosecutor argues that, as a matter of policy, the law of the case doctrine
should never control a successor judge in resentencing a defendant.

is a general rule that applies only if the facts remain substantially or materially the same.[5] *People v Fisher*, 449 Mich 441, 444-445; 537 NW2d 577 (1995); *Johnson v White*, 430 Mich 47, 52; 420 NW2d 87 (1988). We hold that the law of the case doctrine does not apply to defendants Phillips and Frazier because the facts regarding Phillips and Frazier did not remain substantially the same between the time of the first resentencing and the second resentencing.

One of the reasons cited by the trial court for giving Phillips and Frazier 65- to 150-year sentences was their deplorable prison records. The record indicates that Phillips had at least ten prison misconducts after the first resentencing, including attempted bribery of a corrections officer, disobeying a direct order, being out of place, unauthorized occupation of a cell, insolence, substance abuse, and testing positive for THC.[6] Further, Phillips had recently been arrested for possession of a weapon (a seven-inch shank). This conduct, in which Phillips engaged after the first resentencing, removes the sentence imposed from the law of the case.[7]

---

[5] Cf. *People v Jones*, 403 Mich 527, 532; 271 NW2d 515 (1978) (a judge may, consistent with due process, impose a more severe sentence after a new trial if it is based on identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceedings). See also *Mazzie*, n 4 *supra* (there is no presumption of vindictiveness if a longer sentence is imposed after a new trial by a different judge).

[6] Several of these misconducts are crimes and if prosecuted as such would have resulted in additional prison time.

[7] We also note that Phillips has two other apparently unrelated second-degree murder convictions and this Court has already affirmed a 75- to 150-year sentence for one of those other convictions. *People v Phillips*, 209 Mich App 1, 6; 530 NW2d 111 (1995). The affirmance of a seventy-five-year minimum sentence in a different case virtually nullifies the significance of the sixty-five-year minimum sentence imposed in the case at bar. *Id.* at 5.

The same reasoning applies to defendant Frazier. Although his prison record after the first resentencing was not as bad as Phillips', it was bad enough to foreclose application of the law of the case doctrine, i.e., the facts had not remained materially the same. After the first resentencing, Frazier had several misconduct tickets, including one for assault and battery (wherein the victim's jaw was broken), three for insolence, one for failing to appear for class, and a pending misconduct for threatening behavior. Further, a September 20, 1993, report indicated that Frazier had been making poor progress with schooling, was not yet ready for the GED tests, and would be put on a waiting list until he could be more cooperative. The court also indicated that Frazier had refused to go to school, having missed ninety-five percent of his classes. This conduct, in which Frazier engaged after the first resentencing, removes the sentence imposed from the law of the case.

Defendant Robinson's prison record after the first resentencing apparently included only three relatively minor misconduct tickets. The prosecutor correctly conceded at the second resentencing that Robinson's prison record certainly was not as dismal as those of the other defendants. We will assume for the sake of argument that the facts did remain materially the same with regard to Robinson. Notwithstanding Robinson's better prison record after the first resentencing, we still affirm Robinson's sentence.

Particularly in criminal cases, the law of the case doctrine is not inflexible and need not be applied if it will create an injustice. *People v Herrera (On Remand)*, 204 Mich App 333, 340-341; 514 NW2d 543 (1994). At least one panel has stated that the law of

the case need not be applied where the prior opinion was clearly erroneous. *People v Wells*, 103 Mich App 455, 463; 303 NW2d 226 (1981). For example, in *People v Spinks*, 206 Mich App 488, 491; 522 NW2d 875 (1994), the Court refused to apply the law of the case because there had been an intervening change in the law.

Even in civil cases, the law of the case doctrine has sometimes been described as discretionary rather than mandatory. *Bennett v Bennett*, 197 Mich App 497, 500; 496 NW2d 353 (1992). The doctrine has been described as a general practice and not a limit on a court's power. *Locricchio v Evening News Ass'n*, 438 Mich 84, 108-110; 476 NW2d 112 (1991).[8] Finally, there are times where the law of the case must yield to a competing interest. *Locricchio, supra.*

The law of the case doctrine is a weak sister of the doctrine of preclusion, which includes the principle of res judicata. Yet, res judicata will not apply when it would result in inequitable administration of the laws. *Young v Detroit City Clerk*, 389 Mich 333, 340; 207 NW2d 126 (1973). A fortiori, we decline to apply a doctrine designed for judicial convenience in fairly administering the obligation to do justice so as to work an injustice.

On the facts of this case, there are several reasons not to apply the law of the case doctrine. First,

---

[8] Curiously, and inexplicably, the same four justices who signed the majority opinion in *Locricchio* asserting the proposition that the law of the case is not a limit of a court's power, for which only federal authorities were cited, said precisely the contrary in *Johnson v White*, 430 Mich 47, 53; 420 NW2d 87 (1988) ("The reason for the rule is the need for finality of judgment and the want of jurisdiction in an appellate court to modify its own judgments except on a rehearing."), citing Michigan case law. *Locricchio* did not distinguish or even cite *Johnson*.

despite the denial of leave to appeal by the Supreme Court from our prior decision, the Supreme Court itself is not bound to any law of the case, having not itself rendered any pronouncement regarding the merits. *Raven v Wayne Co Bd of Comm'rs*, 399 Mich 585, 587 n 1; 250 NW2d 477 (1977).

Where it is clear that the Supreme Court would affirm the present sentences (given the Supreme Court's most recent decisions reviewing lengthy sentences discussed below), no valid purpose would be served by robotic adherence to a doctrine designed to promote judicial efficiency, not detract from it so as to waste scarce judicial resources. Accordingly, it would be inappropriate for this Court to force the Supreme Court to do that which we know we ought to do ourselves. *Mikedis v Perfection Heat Treating Co*, 180 Mich App 189, 203-204; 446 NW2d 648 (1989).

Further, since the most recent prior decision in these cases by this Court, the applicable legal principles of sentence review have been substantially altered. Justice RILEY'S dissent from the denial of leave to appeal this Court's earlier opinion stated that she would have remanded the case for reconsideration in light of *People v Merriweather*, 447 Mich 799; 527 NW2d 460 (1994), and *People v Houston*, 448 Mich 312; 532 NW2d 508 (1995). *Merriweather* involved a 60- to 120-year sentence that the Court of Appeals had declared to be disproportionate. The Supreme Court disagreed and reinstated the sentence. In *Houston*, the Supreme Court again rejected a claim that a sentence was disproportionate. This trend in the Supreme Court toward restricting the circumstances under which a lengthy sentence will be found

disproportionate has continued. In *People v Mitchell*, 454 Mich 145, 174, n 34; 560 NW2d 600 (1997), the Supreme Court indicated that it had only found two sentences[9] disproportionately harsh since *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990), was decided, notwithstanding the fact that the issued had been raised in approximately one thousand appeals. Further, in *People v Lemons*, 454 Mich 234; 562 NW2d 447 (1997), the Court upheld a parolable life sentence and a 60- to 90-year sentence for a forty-five-year-old defendant. In *People v Hansford (After Remand)*, 454 Mich 320; 562 NW2d 460 (1997), a 40- to 60-year sentence was upheld for an habitual offender whose underlying offenses were property crimes, burglary, and receiving and concealing stolen property. We also note that the prior panel in this case indicated that it would have affirmed a parolable life sentence. Such a conclusion incorrectly assumes that a parolable life sentence is always more desirable, or less Draconian, than a 65- to 150-year sentence. See *People v Carson*, 217 Mich App 801 (1996), followed by a special panel convened pursuant to Administrative Order No. 1996-4 (now MCR 7.215[H]) at 220 Mich App 662, 673; 560 NW2d 657 (1996) (holding that it is error to conclude that a parolable life sentence is invariably a greater penalty than a sentence of a lengthy term of years). Thus, we conclude that there has been an intervening change in the law indicating that fewer sentences than first believed

---

[9] An apparent reference to *People v Pohl*, 445 Mich 918 (1994), and *People v Clark*, 448 Mich 869 (1995). We also note that the Supreme Court found a sentence disproportionately lenient in *People v Wadsack*, 450 Mich 864 (1995).

under *Milbourn* should in fact be found disproportionate.[10]

We are satisfied that Robinson's 65- to 150-year sentence is proportionate, considering the offense and the offender. Moreover, it would create an injustice to remand for a fourth sentencing and imposition of a shorter sentence. Mindful of the abjuration that a resentencing cannot be validly ordered unless the initial sentence is invalid, *Mitchell, supra,* it would be both unjust and in excess of our jurisdiction not to affirm a proportionate sentence. The law of the case must yield to this overriding interest. Two different circuit court judges have indicated that a sixty-five-year minimum sentence is proper. An appellate court ought to look long and hard before it finds that such a sentence is disproportionate. Under current sentence review standards, we have no difficulty concluding that this 65- to 150-year sentence is proportionate to the offense and the offender. *Merriweather, supra; Lemons, supra.* Robinson's sentence is therefore affirmed.

Defendants also challenge the scoring of their sentencing guidelines. However, none of the assertions made are cognizable appellate issues. *Mitchell, supra*

---

[10] We note that we are not alone in reaching this conclusion. In *People v Barclay,* 208 Mich App 670; 528 NW2d 842 (1995), this Court held that a parolable life sentence for armed robbery and a 30- to 60-year sentence for assault with intent to commit murder violated the principle of proportionality. At resentencing, identical sentences were imposed. This Court recently affirmed the sentences, refusing to be bound by the law of the case doctrine. After citing the Supreme Court's recent opinions in *Merriweather, supra, Houston, supra, Mitchell, supra,* and *Hansford, supra,* the Court indicated that the principle of proportionality is now understood in a substantially different light. *People v Barclay (After Remand),* unpublished memorandum opinion, Docket No. 193398, issued October 10, 1997.

at 177. Moreover, where the trial court clearly explains the sentence and states that it is an appropriate sentence, even if it is a departure from the recommended guidelines' range, the proper scoring of the guidelines is mooted. *People v Hull*, 437 Mich 868 (1990).[11] This holding of *Hull* applies with even more force where the trial court obviously found the guidelines' range entirely deficient and explained why it was exceeding the guidelines' recommended range.

Finally, we reject Frazier's claim that he was sentenced on the basis of inaccurate information that was not disclosed before trial. The information that Frazier claims was undisclosed was in fact disclosed in the prosecutor's sentencing memorandum that was filed before sentencing. Frazier did not object to the information in this memorandum at sentencing. This issue is waived. *People v Sharp*, 192 Mich App 501, 504; 481 NW2d 773 (1992).

The prosecutor does, however, concede that certain information in the presentence report, which Frazier objected to at sentencing, should have been, but was not, deleted. Therefore, Frazier is entitled to a remand for the sole purpose of having certain challenged material deleted from his presentence report.

We affirm the sentences imposed and remand solely for the deletion of material from Frazier's presentence report.

HOEKSTRA, J., concurred.

WAHLS, P.J. (*dissenting*). I respectfully dissent.

---

[11] Supreme Court peremptory orders are binding precedent when they can be understood. See *People v Crall*, 444 Mich 463, 464, n 8; 510 NW2d 182 (1993).

On August 29, 1985, defendants robbed and mur-
dered Paul Hutchins, an off-duty Michigan State
Police trooper. They were convicted of second-degree
murder, MCL 750.317; MSA 28.549, and armed rob-
bery, MCL 750.529; MSA 28.797. In the decade after
these convictions, this case has developed a complex
procedural history. I review this history because, in
my view, it is essential to the resolution of this
appeal.

Defendants were originally sentenced to terms of
150 to 300 years' imprisonment for their murder con-
victions and to terms of 30 to 60 years' imprisonment
for their armed robbery convictions. In defendants'
original appeal, this Court affirmed their convictions,
but remanded for resentencing with regard to the
murder convictions on the ground that their 150-year
minimum sentences violated *People v Moore*, 432
Mich 311; 439 NW2d 684 (1989).[1] *People v Frazier*,
unpublished opinion per curiam of the Court of
Appeals, issued March 8, 1990 (Docket Nos. 102749,
102920, 104683).[2] On remand, the trial court resen-
tenced defendants to terms of 65 to 150 years' impris-

---

[1] *Moore* required a trial court to "fashion a sentence that a defendant
. . . has a reasonable prospect of actually serving." *Moore, supra* at 329.
As the majority properly notes, *Moore* is no longer good law.

[2] At this point, this case began an appellate track that is unrelated to
the sentencing issues in the current appeals: After our decision affirming
defendants' convictions, defendants applied for leave to appeal. In lieu of
granting leave, the Michigan Supreme Court remanded to this Court for
reconsideration. *People v Robinson*, 439 Mich 896 (1991); *People v Fra-
zier*, 439 Mich 896 (1991); *People v Phillips*, 439 Mich 897 (1991). On
remand, we reversed defendants' convictions. *People v Frazier (On
Remand)*, unpublished opinion per curiam of the Court of Appeals, issued
July 16, 1992 (Docket Nos. 147931, 147932, 147934). The Supreme Court
then granted leave to appeal and reinstated defendants' convictions. *Peo-
ple v Frazier (After Remand)*, 446 Mich 539; 521 NW2d 291 (1994). Thus,
all issues regarding defendants' convictions have been resolved and are
not at issue in the instant appeals.

onment. Defendants appealed, and this Court again remanded for resentencing:

> After reviewing the record in this matter, considering the nature of the offense and the background of the offenders, we believe that the trial court abused its discretion in imposing the 65- to 150-year sentences. Although child assassins now regularly appear in our courts, there is no question that this was an outrageous offense and that a most severe sentence was warranted. Had the sentences been life sentences we would have affirmed posthaste, unanimously. Although a departure was appropriate for each, the extent of the departure was Draconian. The guidelines, recognizing different degrees of culpability, differed for each defendant. Under these sentences, three generations will have come and gone before the effects of defendants' punishments are assessed and the rehabilitative effects, if any, are considered. Cf. *People v Rushlow*, 437 Mich 149; 468 NW2d 487 (1991). The trial court abused its discretion in imposing these sentences. [*People v Phillips (On Rehearing)*, 203 Mich App 287, 291; 512 NW2d 62 (1994).]

We ordered resentencing before a different judge in order to preserve the appearance of justice. *Id.* at 292. The prosecutor applied for leave to appeal, which our Supreme Court denied. *People v Phillips No 1*, 450 Mich 851 (1995). On second remand, the trial court resentenced defendants to 65 to 150 years' imprisonment, the exact same sentence that we had previously held was disproportionate. Defendants then filed the current appeals.

The primary issue in all three appeals is whether each defendant's sentence is proportionate. I believe resolution of this issue is governed by the law of the case doctrine. "Under the law of the case doctrine, an appellate court's determination of law will not be differently decided on a subsequent appeal in the same

case if the facts remain materially the same." *People v Kozyra*, 219 Mich App 422, 433; 556 NW2d 512 (1996). Here, the panel in *Phillips (On Rehearing)*, in a two-to-one decision, determined that defendants' 65- to 150-year sentences were not proportionate. 203 Mich App 291. Under the law of the case doctrine, the only way these previously disproportionate sentences could become proportionate is if the circumstances surrounding the offenders had changed between the first and second resentencing. In this case, the trial court did not point to any such change, and I find no evidence of such a change in the record.

The majority asserts that defendants Phillips' and Frazier's prison records did not remain materially the same between the first and the second resentencing. I disagree. While both Phillips and Frazier were cited for prison misconduct between the first and the second resentencing, their misconduct did not materially alter the facts presented at the first resentencing; Phillips and Frazier had both already been cited for prison misconduct on numerous occasions before the first resentencing, and their behavior had neither worsened nor improved.[3] Thus, I would conclude that the facts now before this Court are materially the same as those before us when *Phillips (On Rehearing)* was decided. Under the law of the case doctrine, defendants' 65- to 150-year sentences are still disproportionate.

---

[3] Phillips' presentence investigation report indicates that he "still seems to have a pattern of misconduct that has remained consistent throughout his incarceration." Frazier's presentence investigation report indicates that he "incurred (7) major misconducts including one (1) Assault and Battery" during his first two years of incarceration, and four major misconducts, including another assault and battery, over the next six years.

While the majority admits that the law of the case doctrine would apply to defendant Robinson, they still decline to follow it, reasoning that (1) "it is clear that the Supreme Court would affirm the present sentences," (2) since we decided *Phillips (On Rehearing)*, "the applicable legal principles of sentence review have been substantially altered," and (3) remanding for resentencing in accordance with *Phillips (On Rehearing)* would "work an injustice." *Ante*, pp 34-35. I am not persuaded.

First, whether the Supreme Court would affirm defendants' sentences is an open question. Indeed, the Supreme Court had the opportunity to reverse our previous decision, and declined. *People v Phillips No 1*, 450 Mich 851 (1995) (denying leave to appeal). In any event, speculation regarding the Supreme Court's likely disposition is simply inappropriate; the parties will have an opportunity to apply for leave to appeal, and the Supreme Court can render its own decision.

Second, the applicable law has not changed since we last reviewed this case. The applicable standard under *Milbourn*[4] remains the same. The fact that the Supreme Court has found few sentences disproportionate since *Milbourn* is irrelevant. *Milbourn* was decided in 1990, *Phillips (On Rehearing)* was decided in 1994. Put simply, it was already clear in 1994 that few sentences would be found disproportionate. In addition, the Supreme Court had the opportunity to review this case after *People v Merriweather*, 447 Mich 799; 527 NW2d 460 (1994), but denied leave.[5] In my opinion, there has been little

---

[4] *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990).

[5] The Supreme Court in an unpublished order entered December 6, 1994 (Docket Nos. 99708-99710), originally held leave in abeyance specifi-

change in the law since we decided *Phillips (On Rehearing)*, and none since the Supreme Court denied leave in *Phillips No 1*.

This brings me to my primary concern in this case. The majority concludes that it would "work an injustice" to remand this case for resentencing. This conclusion is premised on the majority's belief that the sentences in this case are proportionate. I do not question the sincerity of that belief. In my experience, proportionality can never be pinned down, and judges will often disagree whether a given sentence is proportionate and, thus, will disagree whether that sentence constitutes an abuse of discretion. The problem in this case is that another panel of this Court has already reviewed the proportionality of these sentences. That panel found them disproportionate, and remanded for resentencing. The prosecution sought leave to appeal, and the Supreme Court denied its request. The majority simply disagrees with the prior panel's conclusion. I find no authority authorizing the majority's refusal to recognize the prior opinion in this case.

In my view, a final decision of one panel of this Court should not be subject to reconsideration by another panel. Indeed, allowing such review leaves every decision open to attack indefinitely. Preventing such uncertainty is precisely the purpose of the law of the case doctrine. Indeed, the Supreme Court has recognized the need for consistency in our opinions

---

cally to await the outcome of *Merriweather, supra,* and *People v Houston,* 448 Mich 312; 532 NW2d 508 (1995). *People v Phillips,* 527 NW2d 512; 1994 Mich LEXIS 2818 (1994). As noted above, the Supreme Court proceeded to deny leave in this case after those cases were decided. *People v Phillips No 1,* 450 Mich 851 (1995).

and requires us to follow our own prior published decisions issued on or after November 1, 1990. MCR 7.215(H)(1).[6] I believe that, because the facts surrounding defendants and their crimes have not changed, this Court is bound by the decision in *Phillips (On Rehearing)*.

Under these circumstances, I would remand for resentencing for the reasons stated in *Phillips (On Rehearing)*. The trial court should have considered each defendant individually. Defendants have different backgrounds, which is reflected in different Prior Record Variable scores for each of them and in a different guidelines' range for defendant Robinson. These differences did not necessarily require different sentences, but the trial court should have taken them into consideration. While the panel in *Phillips (On Rehearing)* already approved a departure for each defendant, *Phillips (On Rehearing)*, 203 Mich App 291, the trial court should have explained the extent of its departure from each defendant's guidelines' range.

Defendant Frazier argues that we should remand for resentencing before a different judge. In order to preserve the appearance of justice, I would be compelled to agree. See *People v Evans*, 156 Mich App 68, 72-73; 401 NW2d 312 (1986).

I would vacate defendants' sentences for their second-degree murder convictions and remanded for resentencing before a different judge.

---

[6] Indeed, where the facts in this case are unchanged, the majority's refusal to follow *Phillips (On Rehearing)* could be viewed as a violation of this court rule.