# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

TIMOTHY L. WILLIAMS,

      Defendant-Appellant.

UNPUBLISHED
December 16, 2014

No. 317458
Wayne Circuit Court
LC No. 08-008423-FC

Before: JANSEN, P.J., and TALBOT and SERVITTO, JJ.

PER CURIAM.

Defendant appeals as of right his sentences imposed by the trial court following a remand from this Court. We affirm.

In defendant's first appeal, this Court set forth the underlying facts. *People v Williams*, unpublished opinion per curiam of the Court of Appeals, issued November 18, 2010 (Docket No. 288704), p 1. Defendant was convicted of assault with intent to rob while armed, MCL 750.89, and carjacking, MCL 750.529a. He was originally sentenced as a second-offense habitual offender, MCL 769.10, to consecutive sentences of 18 to 35 years' imprisonment for assault with intent to rob and 18 to 35 years' imprisonment for carjacking. Defendant appealed, and this Court remanded for resentencing on the grounds that the trial court erred in assessing 10 points to defendant's offense variable 4 (psychological injury to victim). On remand, the trial court resentenced defendant to consecutive sentences of 14 to 35 years' imprisonment for assault with intent to rob and 14 to 35 years' imprisonment for carjacking.

Defendant first argues that the trial court abused its discretion in imposing consecutive sentences because the two crimes happened at the same time and were against the same victim. In addition, defendant argues that his consecutive sentences violate the principle of proportionality under *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990). This Court decided these issues in defendant's prior appeal. *Williams*, unpub op at 10. The law of the case doctrine provides that "an appellate court's decision regarding a particular issue is binding on courts of equal or subordinate jurisdiction during subsequent proceedings in the same case." *People v Herrera*, 204 Mich App 333, 340; 514 NW2d 543 (1994). This doctrine applies where the law and facts remain substantially or materially the same. *People v Phillips (After Second Remand)*, 227 Mich App 28, 31-32; 575 NW2d 784 (1997). Because the law and facts remain substantially the same since the prior appeal, the law of the case precludes these claims. *Id.*

-1-

Next, defendant makes the unpreserved argument that the consecutive sentences usurp the Parole Board's authority to determine whether defendant has been rehabilitated after 14 years in prison. However, the Legislature has stated that, with regard to sentences imposed under MCL 750.529a and MCL 750.89, the convicted defendant "is not eligible for parole until the person has served the minimum term imposed by the court." MCL 791.233b. And, the carjacking statute specifically allowed the trial court to impose consecutive sentences. MCL 750.529a(3). The Legislature gave the trial court the authority to impose consecutive sentences in this case, whereas the Parole Board has no authority over defendant until he has served his minimum term imposed by the trial court. Therefore, the trial court did not usurp the Parole Board's authority when it imposed consecutive sentences on defendant. Thus, the trial court did not plainly err when it imposed consecutive sentences. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999).

Next, defendant argues that the trial court abused its discretion in imposing consecutive sentences because its decision was not based on reason but rather on bias and passion. However, defendant has provided no factual support for this argument; therefore, he has abandoned the issue. *People v Kevorkian*, 248 Mich App 373, 389; 639 NW2d 291 (2001).

Finally, defendant argues that the trial court violated the Eighth Amendment of the United States Constitution and Article 1, Section 16 of the Michigan Constitution by imposing consecutive sentences. The Eighth Amendment states in relevant part as follows: "cruel and unusual punishments [shall not be] inflicted." US Const, Am VIII. Article 1, Section 16 of the Michigan Constitution states in relevant part as follows: "cruel or unusual punishment shall not be inflicted . . . ." Const 1963, art 1, § 16. The United States Supreme Court uses principles of proportionality to determine whether a sentence violates the Eighth Amendment. *Ewing v California*, 538 US 11, 23-24; 123 S Ct 1179; 155 L Ed 2d 108 (2003). Similarly, the Michigan Constitution prohibits "grossly disproportionate" sentences. *People v Bullock*, 440 Mich 15, 37; 485 NW2d 866 (1992). This Court has held that "a sentence within the guidelines range is presumptively proportionate, and a sentence that is proportionate is not cruel or unusual punishment." *People v Powell*, 278 Mich App 318, 323; 750 NW2d 607 (2008), (citations and quotation marks omitted). Furthermore, "[i]f a punishment passes muster under the state constitution, then it necessarily passes muster under the federal constitution." *People v Benton*, 294 Mich App 191, 204; 817 NW2d 599 (2011).

Defendant's sentences are presumptively proportionate because they are within the guidelines. *Powell*, 278 Mich App 318, 323. Moreover, in "determining the proportionality of an individual sentence, this Court is not required to consider the cumulative length of consecutive sentences. Rather, our inquiry is whether each sentence is proportionate." *People v St John*, 230 Mich App 644, 649; 585 NW2d 849 (1998). Because defendant's sentences are proportionate, they are not cruel or unusual; therefore, defendant has not established a constitutional violation under either the United States Constitution or the Michigan Constitution. *Powell*, 278 Mich App at 324; *Benton*, 294 Mich App at 204. Therefore, the trial court did not plainly err when it imposed consecutive sentences on defendant. *Carines*, 460 Mich 763-764.

Affirmed.

/s/ Kathleen Jansen
/s/ Michael J. Talbot
/s/ Deborah A. Servitto