*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
June 23, 2022

Plaintiff-Appellant,

v

No. 353296
Macomb Circuit Court
LC No. 2005-003245-FC

ANTHONY JEROME DELEON,

Defendant-Appellee.

## ON REMAND

Before: CAVANAGH, P.J., and O'BRIEN and SWARTZLE, JJ.

SWARTZLE, J. (*concurring in part and dissenting in part*).

In this matter on remand, I agree with my colleagues with respect to whether the court rules affect the outcome of this case (they do not), though I disagree with my colleagues with respect to the substantive claim on appeal, whether defendant received the effective assistance of counsel (he did not). For these reasons, I can concur only in part.

First, I agree with my colleagues that neither MCR 6.508(D)(2) nor (3) precludes defendant from raising an ineffective assistance of counsel claim in his motion for relief from judgment. I do quibble with my colleagues' rationale for applying an earlier version of MCR 6.508(D) rather than the current one, Maj Op at __ n 4; see MCR 1.102 and *Reitmeyer v Schultz Equip & Parts Co, Inc*, 237 Mich App 332, 337; 602 NW2d 596 (1999), but the outcome is the same regardless of which version is consulted. With respect to (2), even assuming for the sake of argument that the law-of-the-case doctrine might otherwise apply, see Maj Op at __ n 5, that doctrine "is not inflexible" in criminal cases "and need not be applied if it will create an injustice," *People v Phillips (After Second Remand)*, 227 Mich App 28, 33; 575 NW2d 784 (1997). And, in any event, our current case law is too rigid with respect to the law-of-the-case doctrine and should be reassessed by our Supreme Court, as I have pointed out in another context. See *Estate of Nayyar by Nayyar v Oakwood Healthcare, Inc*, unpublished per curiam opinion of the Court of Appeals, issued May 14, 2020 (Docket No. 343676), pp 11-12.

Second, for the reasons explained by the majority, I agree that MCR 6.508(D)(3) does not preclude defendant from pursuing his claim here, see *People v Rogers*, 335 Mich App 172, 192-199; 966 NW2d 181 (2020) (explaining what "new evidence" means in the context of a request for new trial), though I would not reach the "unless the defendant demonstrates" analysis because it is not necessary to do so.

But third, I diverge from my colleagues on the question of whether defendant received the effective assistance of counsel. In my opinion, the presumption of sound trial strategy is easily overcome by the factual finding by the trial court that defense counsel's testimony during the *Ginther* hearing was inherently inconsistent on the key question of why defense counsel did not call Dr. MacDonell. The trial court recalled that, during trial, defense counsel told the court that Dr. MacDonell would not be called because of a family emergency. But during the *Ginther* hearing, defense counsel testified that he had made the strategic decision not to call the expert because he believed that the trial was going well for defendant. The trial court also credited defendant's testimony that defense counsel did not consult with defendant prior to excusing the witness, in direct opposition to what counsel testified during the *Ginther* hearing. The trial court heard the testimony, made credibility determinations based on that testimony, and concluded that defense counsel's decision "may not have been a strategic decision." On this record and at this remove from the trial and hearing, we should not disregard the trial court's superior vantage point on this issue. Alternatively, the matter should at least be remanded for further fact finding, as suggested by Judge Tukel in his dissenting opinion in *People v DeLeon*, unpublished per curiam opinion of the Court of Appeals, issued June 10, 2021 (Docket No. 353296) (TUKEL, J., dissenting), pp 3-5.

As for a reasonable probability that the result would have been different had the expert testified, I believe that this is a closer question, though one that still favors defendant. Although defendant did, indeed, offer a reasonable explanation for the lack of blood on the firearm, the explanation would have no doubt been strengthened by a corroborating expert witness.

Accordingly, for these reasons, I respectfully concur in part and dissent in part.


/s/ Brock A. Swartzle