*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ALPHONSO L. STRAUGHTER JR.,

Defendant-Appellant.

UNPUBLISHED
January 12, 2023

No. 360065
Wayne Circuit Court
LC No. 15-000755-02-FC

Before: CAVANAGH, P.J., and O'BRIEN and RICK, JJ.

PER CURIAM.

Defendant appeals as of right his sentences imposed at resentencing following remand by this Court.[1]  We affirm.

Defendant was convicted by a jury of carjacking, MCL 750.529a; armed robbery, MCL 750.529; conspiracy to commit armed robbery, 750.529 and MCL 750.157a; second-degree home invasion, MCL 750.110a(3); and unlawful imprisonment, MCL 750.349b.  Defendant was initially sentenced as a second-offense habitual offender, MCL 769.10, to serve concurrent terms of 16½ to 25 years' imprisonment for the carjacking, armed robbery, and conspiracy to commit armed robbery convictions, and to serve 15 to 22½ years' imprisonment for the second-degree home invasion and unlawful imprisonment convictions.  In his initial appeal of right, this Court affirmed defendant's convictions but remanded the case to the trial court for resentencing without the habitual offender enhancement.  *People v Straughter*, unpublished per curiam opinion of the Court of Appeals, issued April 11, 2017 (Docket No. 328956), p 1, 8-10.

After remand, defendant was resentenced to concurrent terms of 15 to 25 years' imprisonment for the carjacking, armed robbery, and conspiracy to commit armed robbery convictions, and 10 to 15 years' imprisonment for the second-degree home invasion and unlawful imprisonment convictions.  In this appeal, defendant argues that the resentencing court erred

---

[1] *People v Straughter*, unpublished per curiam opinion of the Court of Appeals, issued April 11, 2017 (Docket No. 328956).

because it again impermissibly considered defendant as a habitual offender and improperly assessed 50 points for OV 7. Because defendant is incorrect, we affirm defendant's sentences.

## I. DISCUSSION

## A. HABITUAL OFFENSE ENHANCEMENT

Defendant is not entitled to resentencing because, contrary to his contention, the resentencing court did not consider or resentence him as a habitual offender.

## 1. STANDARD OF REVIEW

Whether a defendant is entitled to resentencing presents a legal question that is reviewed de novo. *People v Latham*, 334 Mich App 501, 505; 965 NW2d 248 (2020). Factual findings made at sentencing are reviewed by this Court for clear error. *People v Bowling*, 299 Mich App 552, 560; 830 NW2d 800 (2013). Further, "[t]he proper inquiry when reviewing a sentence for reasonableness is whether the trial court abused its discretion by violating the 'principle of proportionality . . . .' " *People v Steanhouse*, 500 Mich 453, 459-460; 902 NW2d 327 (2017). "A sentence within the guidelines range is presumptively proportionate . . . ." *People v Posey*, 334 Mich App 338, 358; 964 NW2d 862 (2020). "A defendant can only overcome [this] presumption by presenting unusual circumstances that would render a presumptively proportionate sentence disproportionate." *Id*.

It is important to preserve a claim of error in the trial court to facilitate appellate review. *People v Carines*, 460 Mich 750, 762; 597 NW2d 130 (1999). Having failed to object at resentencing to the trial court's statements about defendant's initial sentence, our review is limited to plain error affecting defendant's rights. *Id*. at 763-764. "To avoid forfeiture under the plain error rule, [the following] requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Id*. at 763. If these requirements are satisfied, "[r]eversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence. *Id*. at 763-764 (quotation marks omitted).

## 2. ANALYSIS

As an initial matter, defendant concedes that the resentencing judge removed the habitual offender enhancement and calculated a new minimum sentencing guidelines range that reflected this omission. The resentencing judge was clear that she planned to uphold the previous sentence, "*to the extent possible*." This qualifier signifies the resentencing judge understood she was subject to different considerations at resentencing and was not simply adopting the previous sentences. Relatedly, the resentencing judge stated: "My understanding is that the issue was the failure to file the second offense notice." The resentencing judge clearly indicated that she understood she was required to sentence defendant without the habitual offender status. As a result, the guidelines range was recalculated, without the enhancement, and defendant was resentenced within the newly calculated range. Defendant did not object to the new guidelines range. Contrary to defendant's argument, the resentencing judge sentenced defendant without the habitual offender enhancement, and thus no error occurred.

Notwithstanding the unsubstantiated claim, a trial court has wide discretion in a sentencing decision. *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015). And, "[a] sentence within the guidelines range, [absent unusual circumstances], is presumptively proportionate." *Posey*, 334 Mich App at 358. Because the sentence is within the adjusted guidelines range, and defendant has not claimed there is an unusual circumstance, the sentence is presumptively proportionate. See *id*. Further, in accordance with MCL 769.34(10): "If a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence." As such, the trial court did not abuse its discretion at resentencing.

Defendant alludes to the fact that because the resentencing judge sentenced defendant toward the middle of the recalculated guidelines range, this sentence was not proportional despite removal of the habitual offender enhancement since defendant's initial sentence with the enhancement was toward the lower end of the guidelines range used. Defendant contends his new sentence should also be at the lower end of the recalculated guidelines range. This argument lacks merit and gives unnecessary weight to the guidelines which are now advisory. See *Lockridge*, 498 Mich at 365. While the guidelines do remain a relevant consideration in sentencing, the analysis to be undertaken is proportionality. *Steanhouse*, 500 Mich at 474. And in this instance, because defendant has not alleged any demonstrable error in scoring of the guidelines, as will be addressed below, and has not asserted any unusual circumstances the resentencing judge failed to consider, his sentence is presumptively proportionate. See *Posey*, 334 Mich App at 358.

Lastly, defendant inexplicably claims that the resentencing judge did not comply with our remand instructions to sentence defendant without the habitual offender sentencing enhancement. We have held: "It is the duty of the trial court, on remand, to comply strictly with the mandate of the appellate court according to its true intent and meaning." *People v Blue*, 178 Mich App 537, 539; 444 NW2d 226 (1989). We remanded the case because of the failure by the prosecutor to file proper notice under MCL 769.13 of its intent to seek a sentencing enhancement. *Straughter*, unpub op at 8-10. Because of this error, we ordered defendant to be resentenced without the enhancement. *Id*. at 10. By reducing the minimum guidelines sentencing range and resentencing defendant within the newly calculated guidelines range, which did not include any habitual offender enhancement, the resentencing judge complied with our remand instructions. Therefore, for the abovementioned reasons, defendant is not entitled to resentencing.

## B. OV 7 SCORE

Defendant also argues that 50 points were improperly assessed for OV 7. However, it is improper for defendant to raise this issue on appeal after resentencing on remand by this Court. "[W]here an appellate court remands for some limited purpose following an appeal as of right in a criminal case, a second appeal as of right, limited to the scope of the remand, lies from the decision on remand." *People v Kincade*, 206 Mich App 477, 481; 522 NW2d 880 (1994). We remanded to the trial court, after "vacat[ing] defendant's sentence as a habitual offender . . . for resentencing without habitual enhancement." *Straughter*, unpub op at 10. The only other directive provided was "to remind the trial court of the advisory nature of the sentencing guidelines . . . and that it must make sure defendant has the opportunity to allocate at resentencing." *Id*. As such, by again contesting the assessment of points for OV 7, defendant is attempting to improperly exceed

the scope of our remand order. "[W]hen an appellate court remands a case with specific instructions, it is improper for a lower court to exceed the scope of the order." *People v Russell*, 297 Mich App 707, 714; 825 NW2d 623 (2012). Consequently, this issue is not properly before us.

Further, because we have already addressed the assessment of OV 7, the law-of-the-case doctrine is applicable. This doctrine, "bars reconsideration of an issue by an equal or subordinate court during subsequent proceedings in the same case." *People v Mitchell*, 231 Mich App 335, 340; 586 NW2d 119 (1998). It "is a general rule that applies only if the facts remain substantially or materially the same." *People v Phillips*, 227 Mich App 28, 31-32; 575 NW2d 784 (1997). However, the doctrine "need not be applied where the prior opinion was clearly erroneous." *Id*. at 33-34. The facts here remain the same. Defendant has not asserted new facts that would change this Court's review of the trial court's assessment of OV 7. And defendant's argument that our prior opinion relied on a version of the statute, MCL 777.37(1)(a), that was not in effect at the time the offense at issue occurred is not persuasive. The amendment to the statute was "only intended [as] a stylistic change to improve clarity" and was not substantive. *People v Walker*, 330 Mich App 378, 390; 948 NW2d 122 (2019). Further, defendant has not claimed that the prior analysis was clearly erroneous. See *Phillips*, 227 Mich App at 33-34. Thus, the law-of-the-case doctrine applies and we will not reconsider the issue.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Colleen A. O'Brien
/s/ Michelle M. Rick

-4-